UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA KAPHAEM ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| JOHN R. WALTERS and ) | NO.  04-11712-NMG |
| SONNY PETERSON TRUCKING, INC., ) | |
| ) | |
| *Defendants.* ) | |

# ANSWER

The Defendants, John R. Walters ("Walters") and Sonny Peterson Trucking, Inc. ("Peterson"), for their Answer to the Complaint of the Plaintiff, Patricia Kaphaem, state as follows in response to each corresponding paragraph therein:

**Parties.**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, "Parties," of the Complaint, and therefore neither admit nor deny said allegations but call upon Plaintiff to prove the same.

2.     Admitted.

3.     Admitted.

**Jurisdiction.**

1.     Denied.

**Count I.**

      1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, "COUNT I," of the Complaint, and therefore neither admit nor deny said allegations but call upon Plaintiff to prove the same.

      2.      Admitted.

      3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore neither admit nor deny said allegations but call upon Plaintiff to prove the same.

      4.      Denied.

      5.      Denied.

**Count II.**

      1.      In response to the allegations contained in paragraph 1, Count II, Defendants repeat each of their responses to paragraphs 1 through 5 of Count I as though separately set forth herein.

      2.      Admitted.

      3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Count II of the Complaint, and therefore neither admit nor deny said allegations but call upon Plaintiff to prove the same.

      4.      Denied.

      5.      Admitted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to commence this action with the applicable statute of limitations prescribed by G.L. c. 260 §2A, and her action is therefore time-barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's reasonable and necessary medical expenses fail to meet the minimum threshold required byG.L. c. 231 §6D to entitle Plaintiff to recover any damages for pain and suffering.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff incurred any medical bills for her alleged personal injuries, said injuries and medical bills were not caused by or the result of the alleged motor vehicle accident of August 7, 2001, and Defendants therefore are not liable.

## FIFTH AFFIRMATIVE DEFENSE

The process served on defendants was insufficient, and Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(4).

## SIXTH AFFIRMATIVE DEFENSE

Service of process upon Defendants was insufficient, and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## SEVENTH AFFIRMATIVE DEFENSE

If Defendants ever owed Plaintiff anything, the same has been paid in full and Defendants now owe Plaintiff nothing.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, for valuable consideration, executed and delivered to Defendants a Release and Settlement of Claim on July 14, 2004, as a result of which she is barred from any recovery in this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her conduct from any recovery in this lawsuit.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff, for valuable consideration, contracted and agreed to settle her claims against Defendants and to release Defendants in consideration of the sum of $67,500 paid by Defendants.  Plaintiff is therefore barred from any recovery in this action, which would constitute a breach of that agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff was negligent, which negligence was greater than Defendants' negligence, and therefore Plaintiff is not entitled to any recovery pursuant to G.L. c. 231, §85.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff's negligence was less than any negligence on the part of Defendants, then any damages to Plaintiff should be diminished in proportion to the amount of negligence attributable to Plaintiff pursuant to M.G.L. c. 231, §85.

### THIRTEENTH AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by Plaintiff were due to or caused by the acts or omissions of a person or persons for whose acts or conduct Defendants are not legally responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

At the time of Plaintiff's alleged injuries, she was in violation of statutes, laws or ordinances of the Commonwealth of Massachusetts and, therefore, she is barred from recovery.

**WHEREFORE**, Defendants John R. Walters and Sonny Peterson Trucking, Inc. demand entry of judgment dismissing the Complaint and awarding Defendants reasonable costs and attorney's fees for their defense of this action.

DEFENDANTS DEMAND A TRIAL BY JURY.

                                                JOHN R. WALTERS AND
                                                SONNY PETERSON TRUCKING, INC.

                                                By their attorney,

September 1, 2004                          /s/ "Wesley S. Chused"
                                                Wesley S. Chused, BBO #083520
                                                LOONEY & GROSSMAN LLP
                                                101 Arch Street
                                                Boston, MA  02110
                                                (617) 951-2800

## CERTIFICATE OF SERVICE

I, hereby certify that on September 1, 2004 I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, properly addressed to:

                        Gerard J. Dupont, Esq.
                        228 County Street
                        Attleboro, MA 02703
                        Fax (508) 222-3787

                                                /s/ "Wesley S. Chused"
                                                Wesley S. Chused